NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-1024

NICOLE A. CENTRELLA

vs.

ANTHONY CENTRELLA.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Nicole A. Centrella (now Nicole Ablitt) (wife) appeals from a judgment issued by a judge of the Probate and Family Court on a complaint filed by her former husband, Anthony Centrella (husband), seeking modification of child support.  Her primary argument is that the judge's findings regarding the husband's income as a self-employed mason are clearly erroneous.  We have reviewed the record carefully and conclude that the judge's findings are fully supported by the evidence.  Consequently, we discern no basis for disturbing the judgment for any of the reasons advanced by the wife.[1]

---

[1] The findings also address the wife's counterclaim in which she sought an increase in child support and multiple complaints

The parties were married on August 23, 1996, and divorced on April 22, 2011. Four children were born of the marriage. After the divorce, both parties remarried, and the wife moved to Texas where she currently resides. Since that time, several contempt and modification actions were filed by both parties and ultimately were consolidated for trial, which was held on August 27, 2024. At that time, three of the parties' children were emancipated, and only one child resided with the wife. After trial, the judge made detailed findings regarding the dates of the children's emancipations, the parties' incomes, and the child support that the husband had paid while his complaint for modification was pending. A final judgment which, among other things, retroactively adjusted the husband's prior child support payments and prospectively ordered the husband to pay $159 per week to the wife, issued on April 10, 2025.

The wife argues that the judge's determination of the husband's income was clearly erroneous for the following reasons.[2] First, she asserts that the judge should not have

---

for contempt. However, the issues on appeal concern only the judgment on the husband's complaint for modification.

[2] As both parties acknowledge, "[o]ur review of a child support modification judgment is limited to whether the judge's factual findings were clearly erroneous, whether there were other errors of law, and whether the judge appears to have based [her] decision on the exercise of sound discretion." Lizardo v. Ortega, 91 Mass. App. Ct. 687, 691-692 (2017).

2

relied on the husband's tax returns to determine his income because of an ongoing IRS investigation and that the judge instead should have relied on her analysis of the husband's bank records which purportedly showed that the husband earned more than he reported on his taxes.  However, the judge did not credit the wife's analysis that the husband's total deposits were indicative of his income.  The judge found that the wife did not account for the husband's business expenses and may have double counted income first deposited by check and later deposited again as since-withdrawn cash.  Moreover, in addition to relying on the husband's tax returns, which were professionally prepared, the judge considered the husband's testimony regarding his banking practices and his explanation of his business expenses.  Contrary to the wife's assertion, the judge, as trier of fact, was not required to credit her evidence and ignore that presented by the husband.[3]  See Pierce v. Pierce, 455 Mass. 286, 293 (2009).

Second, the wife argues that the judge improperly excluded cash receipts and real estate proceeds in determining the husband's income.  Specifically, the wife contends that the judge ignored the husband's proceeds from the sale of a home

---

[3] The judge noted that the wife was not an accountant, had not retained one, and did not present an expert accounting analysis.

3

based on speculation that the husband may have paid for renovations before the sale, without evidence or testimony, and that the judge improperly treated another $100,000 in real estate profits as a division of marital assets from the husband's divorce from another person. We do not agree that the judge ignored or otherwise improperly considered the evidence in this respect. Again, the judge was entitled to accept or reject evidence based on the credibility of the witnesses, which is what she did here. See Pierce, 455 Mass. at 293.

Next, the wife argues that the judge should have drawn an adverse inference against the husband for his failure to respond to discovery requests and that the judge erred by declining to allow her motion to compel discovery. We review a judge's rulings on discovery matters for abuse of discretion and here we discern none. See Buster v. George W. Moore, Inc., 438 Mass. 635, 653 (2003).

Lastly, the wife's claim that the judge exhibited bias toward her requires little discussion. The claim is based solely on the assertion that the judge erred or otherwise abused her discretion and, as discussed, we conclude that the judge did neither. In any event, we have considered her claims of

4

judicial bias and find them unsubstantiated.  See <u>Tessema</u> v.

<u>Nextel Sys. Corp</u>., 451 Mass. 1007, 1008 (2008).

<u>Judgment affirmed</u>.

By the Court (Vuono, Neyman &
  Smyth, JJ.[4]),

*Paul Little*

Clerk

Entered:  July 20, 2026.

---

[4] The panelists are listed in order of seniority.